**UNITED STATES of America,
Plaintiff,**

v.

**Carlos BARROS–VILLAHERMOSA,
Defendant.**

**Crim. No. 14–00135 (ADC).**

United States District Court,
D. Puerto Rico.

Signed March 11, 2015.

Filed March 12, 2015.

---

Carlos Alberto Perez–Irizarry, United States Attorney's Office, Orlando, FL, for Plaintiff.

Juan Ramon Rodriguez–Lopez, Rodriguez Lopez Law Office, Ponce, PR, for Defendant.

### *OPINION AND ORDER*

AIDA M. DELGADO–COLÓN, Chief Judge.

On February 26, 2014, defendant Carlos Barros–Villahermosa ("defendant") was charged in a two-count indictment with (1) false personation of an U.S. officer or employee, in violation of 18 U.S.C. § 912, and (2) making a false statement, in violation of 18 U.S.C. § 1001. **ECF No. 3.**

### I. The Pending Matter

Currently before the Court is defendant's motion for reconsideration (**ECF No. 51**) ("the motion for reconsideration") of the Court's Opinion and Order (**ECF No. 46**), denying his motion to dismiss Count One of the indictment ("the motion to dismiss") (**ECF No. 44**).

The motion to dismiss, filed on February 5, 2015, was premised on defendant's allegation that the federal government and persons acting for the Commonwealth of Puerto Rico ("the Commonwealth") conducted a joint investigation into defendant. **ECF No. 44 at 4–5.** Defendant asserted that he had been charged in State court with substantially the same offense as that charged in Count One of the indictment, and the prosecution in the State case had been conducted under the control of federal authorities. *Id.* Defendant argued that,

as a result of this joint conduct, Count One should be dismissed on double jeopardy grounds because the State proceeding had been dismissed. *Id.* at 5.

Without requiring a response from the government, the Court denied the motion to dismiss on two grounds. **ECF No. 46.** First, the motion to dismiss was untimely because it was filed long after the time set for filing such motions and defendant failed to explain his failure to file the motion on time. *Id.* at 1. Second, the Count denied the motion to dismiss because it was meritless. *Id.* at 1–3. Specifically, the Court found that defendant failed to carry his burden of proof in that defendant failed to produce some evidence tending to prove that the Commonwealth acted as a pawn for the federal government in prosecuting defendant. *Id.* at 2–3.

On February 26, 2015, defendant filed the instant motion for reconsideration of the Court's Opinion and Order. **ECF No. 51.** Therein, defendant raises three principal arguments. First, he argues that the Court erred in finding that the motion to dismiss was untimely filed. *Id.* at 2–5. Second, he argues that the Court should have considered certain exhibits that he filed with the motion to dismiss, even though they were filed solely in Spanish. *Id.* at 5–6. Third, defendant argues that the Court erred in denying the motion to dismiss on substantive grounds, reiterating his argument that the Commonwealth acted jointly with federal authorities. *Id.* at 6–12. Defendant asserts that the government should be required to respond to his allegations and the Court should schedule an evidentiary hearing on the same. *Id.*

### II. Discussion

As an initial matter, "motions for reconsideration in criminal cases are not specifically authorized either by statute or by rule." *United States v. Ortiz,* 741 F.3d

288, 292 n. 2 (1st Cir.2014). However, the First Circuit Court of Appeals has indicated that such motions may be viable pursuant to a district court's "inherent authority to revisit [its] own orders." *Id.* Thus, to the extent that motions for reconsideration are viable in this Circuit, the Court will address each of defendant's arguments in turn.

## A. Timeliness

 First, defendant has provided no sufficient basis for the Court to reconsider its finding that the motion to dismiss was untimely. In the Opinion and Order, the Court found that defendant failed to provide any reason for the untimely filing of the motion to dismiss. **ECF No. 46 at 1.** In the motion for reconsideration, defendant provides a litany of reasons for the late filing, however, none of them, alone or together, justify the late filing. Defendant argues that the Court incorrectly found that discovery concluded on September 4, 2014. **ECF No. 51 at 2.** The Court never made such a finding in the Opinion and Order; rather, the Court noted that discovery should have concluded long before the filing of the motion to dismiss. **ECF No. 46 at 1.** Defendant confirms as much in the motion for reconsideration, as he states that counsel received discovery on September 10, 2014. **ECF No. 51 at 2.** Defendant then provides a number of reasons for why it took nearly five months for the motion to dismiss to be filed.

Taking all of the alleged reasons at face value, there was still more than sufficient time for defendant to review the discovery and file the motion. For example, although defense counsel was "bedridden" for two weeks due to the chikungunya virus, counsel states that he could return to work on September 19, 2014. *Id.* at 3. This gave counsel 11 days, until a September 30 contested sentence hearing, to review discovery and file the motion to dismiss. *See id.* There were further gaps of time between October 1 and October 9, between October 9 and October 20, between October 24 and November 13; and between November 22 and December 8. *See id.* at 3–4. There are further periods of time in December 2014 and January 2015 where counsel could have filed the motion to dismiss, but, by that time, the point is lost—the motion to dismiss should have been filed long before. Of course counsel had other cases to which he needed to attend, but that does not absolve him of his responsibilities to this case.

 Defense counsel also argues that, because a motion for extension of time to file pre-trial motions was not ruled upon, he "believe[d]" that the motion to dismiss was timely filed. *Id.* at 5. This ignores, however, the fact that the motion for extension of time was premised on discovery not yet being complete. **ECF No. 28.** As noted *supra,* though, defendant acknowledges that discovery was complete on September 10, 2014. Therefore, it was incumbent upon defendant to file the motion to dismiss expeditiously after the completion of discovery. This defendant did not do. Moreover, the record reflects that defendant filed another motion for extension of time on October 2, 2014—this time with respect to filing a reply to the government's opposition to a motion to suppress. **ECF No. 35.** In that motion for extension of time, defendant stated that he needed additional time due to being bedridden with chikungunya and being "swamped" with work after his return to work. *Id.* at 1–2. Defendant asked for a ten-day extension. *Id.* at 2. As with the prior motion for extension of time, the Court did not rule on the latter one, but, unlike the motion to dismiss, defendant filed his reply within the ten-day window requested. *See* **ECF No. 36.** This sequence of events demon-

strates not only that defense counsel had sufficient time to file the motion to dismiss, but also that counsel's belief regarding the timeliness of the motion to dismiss was unfounded.

### B. Spanish documents

■ Defendant's argument in this regard is troubling. Based upon defense counsel's arguments in the motion for reconsideration, it appears that he is well aware of the *requirement* under the Local Rules that all Spanish language documents be filed with an English translation or a motion requesting leave to file such a translation. *See* **ECF No. 51** at 5–6 (acknowledging that defendant "should have accompanied certified English translations"). Despite this, defendant asserts that the Court should have *sua sponte* granted leave to file English translations. *Id.* This is not how things work however. Local Rule 5(g) specifically states that "[a]ll documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English . . . ." The language is mandatory. Thus, if defendant does not produce such a translation, it is incumbent upon him to file the motion requesting leave to do so. It is certainly not the Court's role to, first, assume that such a translation is forthcoming, and, second, *sua sponte* grant leave to file the same based on such assumption. The reason for this is simple: if defendant had filed a motion requesting leave to file translations, the Court would have been aware that such a translation was forthcoming and could then have delayed ruling on the motion to dismiss until the translation was filed. Without such a motion requesting leave, however, the Court was left with a document that it could not consider under binding First Circuit precedent. *See Puerto Ricans for Puerto Rico v. Juan Dalmau,* 544 F.3d 58, 67 (1st Cir.2008) (holding that "[a]llowing the outcome of a case to turn on a non-English language document would be 'at odds with the premise of a unified and integrated federal courts system,' and effectively exclude the public from access to court decisions") (internal quotation omitted). Therefore, it was more than proper for the Court to proceed with disposing of the motion to dismiss as if the Spanish document had never been filed. Nonetheless, given that translations have now been filed, the Court will consider the same in addressing defendant's substantive challenge to the Opinion and Order.

### C. Double Jeopardy

■ Defendant has provided no new evidence that would cause the Court to reconsider its findings in the Opinion and Order. With respect to the English translations, these are translations of a police incident report and the criminal complaint filed against defendant in State court. **ECF No. 51-4.** Defendant alleges that the criminal complaint shows that defendant was charged in State court with "the same offense conduct charged in count one of [the federal] indictment." **ECF No. 51** at 7. Defendant further alleges that the police incident report reflects that a federal employee initiated a complaint against defendant with the Commonwealth of Puerto Rico Police Department because defendant was wanted by federal and State authorities. *Id.* at 8. Defendant also asserts that the federal employee was referred to a Puerto Rico police officer who stated there were no State or federal arrest warrants against defendant. Defendant asserts that this response from the police officer was "on behalf" of both the federal and State governments. *Id.* Defendant argues that ·the translated documents "permit the inference" that the fil-

ing of local charges was the product of joint decision making. *Id.* at 8–9.

First, the documents do not permit this inference. Merely because one federal employee initiated a complaint against defendant with non-federal authorities has no bearing whatsoever on whether the federal government and the Commonwealth jointly decided to prosecute defendant. The fact that a Puerto Rico police officer told a federal employee that there were no pending arrest warrants against defendant, at either the federal or State level, reflects merely that the officer ran a search for both type of warrants—an entirely proper thing for the officer to do—not that the officer was speaking "on behalf" on the federal government. For defense counsel to compare the police officer running a search for outstanding arrest warrants with the officer speaking on behalf of the federal government is, at best, careless, and, at worst, a deliberate attempt to paint the police incident report as something it is not. As for the criminal complaint, whether defendant was charged with a similar offense is irrelevant. *See United States v. Guzmán,* 85 F.3d 823, 826 (1st Cir.1996) (explaining that under the "dual sovereign" doctrine, a defendant that violates the laws of two separate sovereigns in a single act, commits two distinct offenses, and both offenses can be prosecuted and punished equally). Second, the translations do nothing to help defendant address the failings highlighted in the Opinion and Order. Specifically, the Court found that defendant failed to demonstrate that the "narrow" exception to the dual sovereign doctrine had been met in that there was no evidence tending to prove that the Commonwealth of Puerto Rico acted as a pawn of the federal government. **ECF No. 46** at 2–3; *see also Guzmán,* 85 F.3d at 826–27. For the reasons discussed *supra,* neither the police

incident report nor the criminal complaint have any relevance to this analysis.

Defendant also argues that the Court failed to take into account the "historical sequence of events." **ECF No. 51** at 9. Specifically, defendant refers to two main events: (1) the Commonwealth of Puerto Rico "delay[ing]" six months in bringing charges against defendant, even though it had sufficient evidence to indict him in September 2010; and (2) the federal government "wait[ing]" over three years from the time that criminal charges were dismissed in State court to the time that charges were brought in this Court before prosecuting defendant. *Id.* at 6–11. Defendant alleges that these periods of inaction demonstrate that the State case was "directed by federal authorities and that when the charges were dismissed federal authorities were going to abide by the dismissal and not file any charges." *Id.* at 11. As with defendant's other allegations, there is no substance to support them.

As for the first event, it can hardly be described as a delay the six-month period between the alleged offense conduct occurring and the filing of an indictment in State court. Despite defendant's apparent desire to have been indicted *sooner* being unusual, it has no relevance to whether the Commonwealth acted as a pawn for the federal government. As for the three-year period between the dismissal of the State case and the bringing of the instant case, defendant fails to explain how this gap pertains in any respect to the issue at hand—whether the Commonwealth acted as a pawn for the federal government. Defendant asserts that the gap is relevant because it is "obvious" that the federal government had a joint investigation with State authorities and opted to allow the State to bring the charges underlying Count One of the indictment. **ECF No. 51** at 6. Defendant, though, cites no case law

to support his apparent argument that a significant break between the bringing of State and federal charges somehow transforms the State prosecution into a sham for the federal government. *See generally* **ECF No. 51.** This is perhaps unsurprising, given that the longer the gap between the two prosecutions the more likely that the latter prosecution is based on its own merits, rather than a knee-jerk reaction to the result of the former. In any event, to the extent that the three-year period between the State and federal prosecutions has any evidentiary value, it provides no cause for the Court to reconsider its original decision.

As the Court clearly set out in the Opinion and Order, rather than showing collusion between the Commonwealth and the federal government, the evidence portrays a commendable level of intergovernmental assistance. *See* **ECF No. 46** at 3. This is especially in light of the fact that defendant was arrested by officers of the *Puerto Rico Police Department* after he allegedly attempted to impersonate a *federal* officer or employee. *See* **ECF No. 51–5** at 5–6. Given the nature of the alleged crime and the identity of the arresting officers, it is only natural that a level of intergovernmental cooperation would be necessary to prosecute defendant in either State or federal court.

### III. Conclusion

Accordingly, for the reasons set forth herein, the Court **DENIES** defendant's motion for reconsideration (**ECF No. 51**). Defendant's motion to restrict (**ECF No. 50**) is **GRANTED.**

IT IS SO ORDERED.